IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MIGUEL RIVERA,**

    **Plaintiff,**

    **v.**       Case No. 16-3225

**KRISTINE AULEPP, et al.,**

    **Defendant.**

### MEMORANDUM AND ORDER

    Pro se plaintiff Miguel Rivera filed suit against defendants Kristine Aulepp, Jason Clark, and Mulughetta Berhane alleging violations of his Eighth Amendment right to be free from cruel and unusual punishment due to inadequate medical care while he was incarcerated.  This matter is now before the court on defendants Aulepp and Clark's Motion to Dismiss or in the Alternative, for Summary Judgment (Doc. 15).  Plaintiff failed to timely respond to defendants' motion and did not respond to the Order to Show Cause (Doc. 21) issued by this court on October 23, 2017, in which plaintiff was given until October 31, 2017 to respond to defendants' motion.  Because plaintiff failed to comply with the court's order, the court will consider defendants' motion as uncontested pursuant to D. Kan. Rule 7.4(b).  The court, however, cannot grant defendants' motion solely based on plaintiff's failure to respond.  *See Issa v. Comp USA*, 354 F.3d 1174, 1177–78 (10th Cir. 2003) ("[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted.").  The court, therefore, will review defendants' motion while liberally interpreting the allegations in plaintiff's pro se complaint.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**I.     Background**

Plaintiff was incarcerated with the Bureau of Prisons ("BOP"), specifically at the United States Penitentiary in Leavenworth, Kansas ("USP Leavenworth"), from November 13, 2014 until November 9, 2016.  Prior to and during his incarceration, plaintiff suffered from a number of medical conditions including mental health, cardiac, stomach, intestinal, and kidney issues, as well as Hepatitis C.  Plaintiff was frequently evaluated by BOP medical staff while at USP Leavenworth.

Defendants Aulepp and Clark were both employed as physicians at USP Leavenworth.  Dr. Aulepp evaluated plaintiff when he first arrived at USP Leavenworth and identified him as an appropriate candidate for potential Hepatitis C antiviral therapy.  From September 2014 through May 2015, plaintiff underwent various laboratory tests to monitor his condition for the potential antiviral therapy.  In April 2015, plaintiff signed a "Consent to Hepatitis C Treatment" form and acknowledged that he was to abstain from receiving a tattoo because it may interfere with treatments or worsen his condition.   Prior to plaintiff's scheduled therapy, doctors noticed he had a "new or fresh tattoo."  Because of the complications the new tattoo may have caused, Dr. Aulepp recommended delaying the treatment for one year while continuing to monitor plaintiff's condition.

In March 2016, plaintiff was diagnosed with Barrett's esophagus (a precancerous lesion of the esophagus), esophagitis, and duodenal ulcers.  Plaintiff's treatment for these conditions further delayed his Hepatitis C therapy.  At the time he was evaluated for his esophageal issues, doctors noted plaintiff had "compensated cirrhosis" with no additional symptoms.

In July 2016 doctors determined plaintiff's ulcers were healed and Dr. Aulepp advised plaintiff it was safe to begin the Hepatitis C treatment.  Plaintiff was on Hepatitis C medication from July 2016 until November 2016 and was continuously evaluated.  Doctors determined the treatment appeared to be working.

Plaintiff was released from BOP custody on November 9, 2016 and filed the present action on the same day. He alleges Dr. Aulepp and Dr. Clark failed to treat or address his cirrhosis of the liver condition in a timely manner, violating his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff seeks injunctive relief, punitive damages and compensatory damages for their failure to act, treat, or inform him of his condition, which he claims caused him irreparable damage to his liver.

**II.     Analysis**

Defendants Aulepp and Clark filed a Motion to Dismiss or in the Alternative, for Summary Judgment, arguing plaintiff's complaint should be dismissed for the following reasons: 1) plaintiff's official capacity claims are barred by the doctrine of sovereign immunity; 2) plaintiff's tort claims, if any, are barred as plaintiff has not met the jurisdiction requirements of the Federal Tort Claims Act (FTCA); and 3) defendants are entitled to qualified immunity for claims against them in their individual capacity.

a)   Official Capacity Claims

Suits against government officials in their official capacity are treated as suits against the entity. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("It is not a suit against the official personally, for the real party in interest is the entity."). When an action is brought against a defendant in its capacity as an agent of the United States, "the action is in fact one against the United States." *Atkinson v. O'Neill*, 867 F. 2d 589, 590 (10th Cir. 1989). The United States, and its employees sued in their official capacities, are immune from suit unless sovereign immunity is waived. *Id.* The United States only waives sovereign immunity when it consents to be sued. *United States v. Murdock Mach. & Engineering Co. of Utah*, 81 F.3d 922, 930 (10th Cir. 1996). The United States only consents to be sued when Congress "unequivocally expresses" its intention to waive sovereign immunity. *Id.*

The Federal Tort Claims Act ("FTCA") was passed to "render the Government liable in tort as a private individual would be under like circumstances." *Richards v. United States*, 369 U.S. 1, 6 (1962).  The United States Supreme Court, however, has found that "the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims." *FDIC v. Meyer*, 510 U.S. 471, 478 (1994).  Further, the United States has not waived sovereign immunity in actions brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Laury v. Greenfield*, 87 F. Supp. 2d 1210 (D. Kan. 2000) (citing *Meyer*, 510 U.S. at 483–86). Plaintiff's punitive and compensatory damage claims for Eighth Amendment violations against defendants in their official capacities are therefore barred by sovereign immunity.

Plaintiff also seeks injunctive relief, though it is unclear what specific relief he is requesting. The Tenth Circuit has held that sovereign immunity is not a bar to a prisoner defendant's action for injunctive relief against prison medical providers. *Id.* at 1233.  Plaintiff, however, is no longer incarcerated by the BOP.   His claims for injunctive relief are therefore moot. *See Nasious v. Colorado*, 495 F. App'x 899, 903 (10th Cir. 2012) ("[I]t is well settled that a prisoner's transfer out of a prison moots his requests for declaratory or injunctive relief against staff at that prison.").

b)  Individual Capacity Claims

Plaintiff has also sued defendants in their individual capacities.   The United States Supreme Court has recognized a cause of action against federal officials in their individual capacities for damages suffered as a result of constitutional violations.  *See Bivens*, 403 U.S. at 395–97.  The Court has also recognized that federal officials are entitled to a qualified immunity defense in *Bivens* actions. *See Johnson v. Fankell*, 520 U.S. 911, 914 (1997).

Qualified immunity recognizes "the need to protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority."

*Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982).  It protects "all but the plainly incompetent or those who knowingly violate the law."  *Malley v. Briggs*, 475 U.S. 335, 341 (1986).  A defendant is entitled to qualified immunity unless the plaintiff can show "(1) a reasonable jury could find facts supporting a violation of a constitutional right, which (2) was clearly established at the time of the defendant's conduct."  *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014).  A court has the discretion to consider "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

The government has an obligation to "provide medical care for those who it is punishing by incarceration."  *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  Prison officials' failure to provide proper medical care only violates the Eighth Amendment if a plaintiff can prove a "deliberate indifference to serious medical needs."  *Id.* at 106 ("It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment.'").  Mere negligence in treatment is not sufficient to state a medical mistreatment claim under the Eighth Amendment.  *Id.*

Plaintiff alleges that defendants were deliberately indifferent to his medical needs because, having knowledge of his prior conditions, defendants failed to timely treat or address his Hepatitis C, which caused him to suffer further damage to his liver. Yet in reviewing the record, it is clear that plaintiff has failed to establish that defendants were deliberately indifferent.  Defendants provided a thorough compilation of plaintiff's medical records while he was incarcerated, as well as affidavits detailing his treatment.  These records show defendants frequently evaluated plaintiff for his numerous medical issues, including Hepatitis C, and recommended and eventually implemented a treatment plan for plaintiff's condition.  Plaintiff complains of delays in his treatment, yet his voluntary act of getting a tattoo prevented doctors from starting the Hepatitis C treatment.  His subsequent development of

ulcers also contributed to the delayed treatment.  All of these intervening circumstances were beyond the defendants' control; therefore, it cannot be found that they were deliberately indifferent to plaintiff's condition.  Because a reasonable jury could not find a constitutional violation, this court does not have to determine whether the right was clearly established.  Defendants are entitled to qualified immunity.

Even if this court were to interpret plaintiff's claim as one of medical malpractice, he has failed to exhaust his administrative remedies under the FTCA.  "Exhaustion of administrative claims is a jurisdiction prerequisite to asserting claims under the FTCA." *Pipkin v. U.S. Postal Serv.*, 951 F.2d 272 (10th Cir. 1991) (citing 28 U.S.C. § 2675).  Plaintiff has shown no evidence he followed procedures to exhaust his administrative remedies; therefore, any claims that could be interpreted as arising under the FTCA are jurisdictionally barred.

**IT IS THEREFORE ORDERED** that defendants Aulepp and Clark's Motion to Dismiss or in the Alternative, for Summary Judgment (Doc. 15) is granted.

**IT IS FURTHER ORDERED** that defendant Mulughetta Berhane is also dismissed from the action.  Plaintiff failed to respond to Magistrate Judge Teresa James' Order to Show Cause as to why this action should not be dismissed against defendant Berhane (Doc. 23).  The court therefore dismisses defendant.

This case is closed and the Clerk of the Court is directed to enter judgments in favor of defendants and against plaintiff.

Dated December 5, 2017, at Kansas City, Kansas.

    s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**